UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **GLEN C. WATSON, III, TRUSTEE,** ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **DIANA L. DAY CARTEE, ALAN** ) <br> **CARTEE, UNITED STATES OF** ) <br> **AMERICA, acting through the Department** ) <br> **of the Treasury, REGIONS BANK, SHARP** ) <br> **MECHANICAL, INC., ANDRES** ) <br> **VALENZUELA, JR., individually and d/b/a** ) <br> **Andy's Pool Service, MUSIC SQUARE** ) <br> **PARTNERSHIP, and DEMONBREUN** ) <br> **ROOFING, INC.,** ) <br> ) <br>     **Defendants,** ) <br> ) <br> **and** ) <br> ) <br> **DIANA L. DAY CARTEE and** ) <br> **ALAN CARTEE,** ) <br> ) <br>     **Third-Party Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **HENRY PRESTON INGRAM,** ) <br> ) <br>     **Third-Party Defendant.** ) | **Civil No. 3:14-CV-00580** <br> **Judge Aleta A. Trauger** |

## MEMORANDUM & ORDER

Pending before the court is a Motion to Alter or Amend Judgment ("Motion to Amend") (Docket No. 86) filed by Third-Party Plaintiffs Diana L. Day Cartee and Alan Cartee (together, "Cartees"), to which Third-Party Defendant Henry Preston Ingram ("Ingram") has filed a Response in opposition (Docket No. 89).

1

The court incorporates herein the thorough procedural and factual background contained in the court's February 19, 2014 summary judgment memorandum ("Feb. 19 Memorandum"). (*See* Docket No. 72.)

## ANALYSIS

**I.** **Legal Standard**

Under Rule 59, a court may alter or amend a judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010); *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, LLC, 477 F.3d 383, 395 (6th Cir. 2007); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *GenCorp, Inc. v. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). However, a motion under Rule 59(e) is not a vehicle for presenting new legal arguments that could have been raised before a judgment was issued. *Roger Miller Music*, 477 F.3d at 395; *see also Leisure Caviar*, 616 F.3d at 616 (noting movant "cannot use a Rule 59 motion to raise arguments which could, and should, have been made before judgment issued"). Critically, "[a] motion under Rule 59(e) is not an opportunity to reargue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). "The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *Scotts Co. v. Central Garden & Pet Co.*, 403 F.3d 781, 788 (6th Cir. 2005) (citation and internal quotation marks omitted).

While the Sixth Circuit has not ruled on the exact definition of "clear error," it has made clear that it is an exacting standard and that a successful Rule 59(e) motion must "clearly establish a manifest error of law." *Roger Miller Music*, 477 F.3d at 395. As one court has

described it, "[i]n essence, a [prior] judgment must be 'dead wrong' to qualify as being clearly erroneous." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 809-810 (N.D. Ohio 2010). Although the "manifest injustice" ground for a Rule 59(e) motion appears to be a catch-all provision, it is not meant to allow a disappointed litigant to attempt to persuade the court to change its mind. *See, e.g., GenCorp*, 178 F.3d at 834. Instead, whether manifest injustice would result from denying a Rule 59(e) motion is, by definition, a fact-specific analysis that falls squarely within the discretionary authority of the court. *Id.* In exercising this discretion, the court should weigh the importance of bringing litigation to a firm conclusion and the need to render fair and just rulings. *Id.*

## II. Analysis

In the Motion to Amend, the Cartees raise two points of contention.

First, the Cartees make the bizarre argument that (1) their own Third Party Complaint was procedurally lacking and should have been disregarded and (2) if disregarded, the court never would have had the jurisdiction to rule upon the legal validity of the acknowledgment and recordation of the Citizens Deed of Trust. In support of this argument, the Cartees conclude that the court "basically decided that it did not have jurisdiction over" the Third Party Complaint, but improperly ruled upon the issue of the Citizens Deed of Trust anyway. This is incorrect.

As an initial matter, by the plain language of the Feb. 19 Memorandum, the court agreed that there was some "merit" to Ingram's argument that the Cartees could have, and perhaps should have, brought their claims in different ways. However, the court did not dismiss the

Cartees' claims on this basis, nor was it required to do so.[1] To the contrary, the court found it appropriate to retain jurisdiction over the Third Party Complaint.

More importantly, however, is the fact that the court had jurisdiction to rule on the Citizens Deed of Trust and foreclosure sale because it was a fundamental part of the merits of the underlying Regions Bank interpleader action. To be clear: the Cartees raised the *same* substantive legal issues concerning the validity of the Citizens Deed of Trust in opposition to the interpleader action as they did in the Third Party Complaint. The Cartees contested the validity of the Deed of Trust at length in their Answer to the Interpleader Complaint (this later became the heart of the Third Party Complaint). (Docket No. 33 at ¶ 10.) In their Response to Regions' Motion for Summary Judgment, the Cartees stated that "[t]he issue of title to the foreclosed property is a seminal issue in this case and should be resolved before there is any consideration of the excess or surplus proceeds from the putative foreclosure sale of the Cartees homeplace. This issue of title grows out of the same facts and circumstances which produced the said excess proceeds or surplus funds." (Docket No. 49, at p. 2). In their Summary Judgment Memorandum, the Cartees argued that: "The resolution of the issues of title will lead to a disposition of the excess sale proceeds." (Docket No. 50, p. 2). Finally, even the Third Party Complaint itself acknowledged that the original interpleader complaint "require[d] th[e] [c]ourt to determine the status of title to [the] Property and the priority of liens and encumbrances thereon." (Docket No. 41 at ¶ 8.) In sum, the argument that the issues surrounding the Citizens Deed of Trust would not

---

[1] The Cartees' Motion to Amend is devoid of mandatory authority as to why the court would have been *required* to dismiss the Third Party Complaint, instead, *e.g.*, suggesting that the court "in essence" did so *sua sponte*. The court did not do so, and the February 19 Memorandum does not so reflect any such action.

be in this case without the Third Party Complaint is an interpretation of events that the court cannot sanction.

In short, the court agrees with Ingram that there is no conceivable scenario in which the court lacked jurisdiction to rule on the merits of the validity of the Citizens Deed of Trust and foreclosure sale; to the contrary, based on the Cartees' defense, the court could not have resolved the interpleader complaint *without* doing so. The fact that the court commented on other ways the Cartees might have pursued their case, without ceding jurisdiction over any aspect of the dispute before it, did not deprive the court of jurisdiction to act where it needed to do so to resolve the interpleader complaint.

Second, the Cartees also re-argue their case as far as retroactive application of the recordation statute at issue and certification of this matter to the Tennessee Supreme Court. The court considered these issues in issuing its summary judgment ruling, and the Cartees do not highlight any clear error of law or intervening change in the law that would make reconsideration upon a Rule 59 motion appropriate. The court recognizes that Tennessee statutes are typically given a prospective effect. However, as the court has previously explained, the language of the statute in question speaks to a particular temporal application, and the analysis of the *Hickman* court on that point is sound. Seeking to have the court simply "change its mind" based on unchanged law is an improper purpose of a Rule 59 motion.

Upon careful review, the court can also identify no manifest injustice in the February 19 summary judgment decision. To the contrary, the court concludes that its decision was fair and correct. Several months have passed since that ruling. Overall, this straightforward mortgage matter has lingered for over a year. There is, still, a need for finality for the parties.

The "Motion to Amend" (Docket No. 86) is **DENIED**.

**IT IS SO ORDERED**.

Enter this 22nd day of April 2015.

_____
ALETA A. TRAUGER
United States District Judge