UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| GLEN C. WATSON, III, TRUSTEE, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:14-0580 |
| v. ) | Judge Campbell/Brown |
| ) | |
| DIANA L. DAY CARTEE, *et al.*, ) | |
| ) | |
| Defendants ) | |

**TO: THE HONORABLE TODD J. CAMPBELL**

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the second motion for an order of sale of the property by Mr. Ingram (Docket Entry 105) be granted.

## BACKGROUND

This case has a long and tortured history, which is best summarized by the Court of Appeals' decision on the merits of the case (Docket Entry 102). In that decision the Court set forth the factual background of the case, which is adopted for the purpose of this report and recommendation. The property in question was sold at a foreclosure sale in December 2013. At the sale Mr. Ingram submitted the highest bid, and after he paid the trustee $1,513,000 the trustee conveyed the property to him in the form a substitute trustee deed. The proceeds from the foreclosure sale satisfied the Cartees' debt to the Citizens' deed of trust and resulted in the surplus of $281,632.74.

In January 2014, to determine the appropriate allocation of the surplus proceeds, the trustee filed an interpleader

action, which was removed by the United States to federal court. After the surplus proceeds were paid into the District Court, the trustee (Mr. Watson) was dismissed from the action in May 2014.

Subsequently, in May 2014 Regions Bank filed a motion for summary judgment alleging that it had the highest priority claim to the surplus proceeds. The Cartees filed a third-party complaint against the purchaser, Mr. Ingram, alleging that he did not hold valid title to the property because of defects in the acknowledgment of the Citizens' deed of trust. They also filed objections to Regions motion making the same argument.

In December 2014 Ingram filed a motion for summary judgment on the third-party complaint. The Cartees filed their own motion for summary judgment on their third-party complaint in January 2015. Subsequently, the District Court (1) granted Regions' motion for summary judgment and awarded the surplus proceedings to Regions; (2) granted Ingram's motion for summary judgment; (3) denied the Cartees' motion for summary judgment, and (4) denied the Cartees' request to certify a state law statutory interpretation question to the Tennessee Supreme Court (Docket Entry 73).

In March the Cartees filed a motion to alter the judgment arguing-for the first time-that the Court lacked jurisdiction over their own third-party complaint (Docket Entry 86). The District Court denied the Cartees' motion the following month (Docket Entry 90), and the appeal to the Sixth Circuit followed (Docket Entry 91). The Sixth Circuit then analyzed the pleadings in the matter

2

and affirmed the District Court's decisions with the exception that the Sixth Circuit felt that it need not determine whether the District Court abused its discretion in failing to certify to the Tennessee Supreme Court the state law issue as to whether T.C.A. § 66-24-101(e), which was enacted in 2005, to provide that was an otherwise properly recorded instruments, that was not properly acknowledged, shall nevertheless place "all interested parties . . . on constructive notice of the contents of the instrument" applied retroactively to deeds of trust that were recorded before the effective date of the statute.

The Sixth Circuit noted that while it did not endorse the District Court's conclusions that the statute applied retroactively it specifically held that the Cartees had no right to assert the claim on Regions' behalf because Regions, as first in line for any surplus, did not raise the issue.

**LEGAL DISCUSSION**

Mr. Ingram, the present title holder, requested an order authorizing sale of the property (Docket Entry 105), with a minimum sales price of $2,500,000. He noted then that since he purchased the property on December 23, 2013, because of the ongoing litigation he has been prevented from selling the property despite spending money to prepare it for sale, and he continues to have ongoing monthly expenses. He contends it is wasteful not to allow the sale of the property. He noted that the Cartees themselves asked for a sale of the property and that no other party to the

3

litigation has ever asked for any of the relief requested by the Cartees or objected to the sale. The only opposition to the motion for authorization to sell was filed by the Cartees on August 16, 2016, through their attorneys (Docket Entry 108). In their objections they argue that they have filed a petition for writ of certiorari to the Supreme Court and the Court should not act until the Supreme Court has acted on their writ. The Cartees did not request a stay from the District Court, nor did they post any type of bond, which would normally accompany a request to stay the sale in a case of this nature. They also argue that the minimum sale price of $2,500,000 is commercially unreasonable. They do not point to anyone that has made a higher offer, and given their efforts to tie up the proceedings for many years, it is unlikely that a higher price could be obtained. To the extent the Cartees believe that the price is too low, it is a problem of their own making.

As the moving party, Mr. Ingram, points out in his reply brief (Docket Entry 111) the District Court retains jurisdiction to approve the sale so long as it has not been stayed or superceded. He notes that if the original contract cannot now be enforced because of the delay, that he be allowed to sell to any other willing bidder for a minimum price of $2,500,000. This appears reasonable to me as a minimum price. Mr. Ingram, of course, will be financially benefitted to the extent that he can sell the property for a higher price. He certainly has no incentive to sell the property for a price that is not commercially reasonable.

Accordingly, the Magistrate Judge adopts the arguments set forth by Mr. Ingram in his pleadings.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the Court enter an order authorizing the sale of the property identical to the order previously entered by the undersigned at Docket Entry 114.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 30th day of November, 2016.

/s/    Joe B. Brown
JOE B. BROWN
United States Magistrate Judge