UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GLEN C. WATSON, III, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-0580 |
| | ) | Judge Sharp |
| Diana L. Day Cartee, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case, now on its third judge, has, as Magistrate Judge Brown aptly characterized it, "a long and tortured history." Pending before the Court is a Report and Recommendation ("R & R") (Docket No. 125) and several Motions, the resolution of which should finally put the matter to rest.

In the R&R, Magistrate Judge Brown recommends that Henry Preston Ingram, the present title holder, be authorized to sell the property located at 514 Park Center Drive, Nashville, Tennessee 37205. No formal objection have been filed in relation to the R & R. However, Alan Cartee, in conjunction with a Motion for Extension of Time that was granted, generally objected to the recommended disposition. This is wholly insufficient under both the Federal Rules of Civil Procedure and this Court's Local Rules.

Rule 72 provides that "a party may serve and file specific written objections to the proposed findings and recommendations," and requires the court to consider *de novo* only those "parts of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72 (b). This Court's Local Rules require that objections "state with particularity the specific portion of the Magistrate Judge's report or proposed findings or recommendation to which an objection is made

1

and shall be accompanied by sufficient documentation including, but not limited to, briefs, affidavits, pertinent exhibits, and if necessary, transcript of the record to apprise the District Judge of the basis for the objection." L.R. 72.03(b).

Regardless, this Court has considered the matter *de novo* and agrees with the recommended disposition. As Magistrate Judge Brown observed:

> The only opposition to the motion for authorization to sell was filed by the Cartees on August 16, 2016, through their attorneys (Docket Entry 108). In their objections they argue that they have filed a petition for writ of certiorari to the Supreme Court and the Court should not act until the Supreme Court has acted on their writ. The Cartees did not request a stay from the District Court, nor did they post any type of bond, which would normally accompany a request to stay the sale in a case of this nature. They also argue that the minimum sale price of $2,500,000 is commercially unreasonable. They do not point to anyone that has made a higher offer, and given their efforts to tie up the proceedings for many years, it is unlikely that a higher price could be obtained. To the extent the Cartees believe that the price is too low, it is a problem of their own making.

(Docket No. 125 at 3). The same holds true today, except that, on December 9, 2016, the Supreme Court has denied the Cartees' petition for a writ of certiorari. (Docket No. 129). Accordingly, the R & R will be accepted and approved, and the Second Motion for Order of Sale (Docket No. 105) will be granted.

With the denial of the writ of certiorari, counsel for the Cartees filed a Motion to Withdraw (Docket No. 128). That Motion does not meet the requirements of Local Rule 83.01, which requires that counsel give his client "due notice" of his intent to withdraw. Nevertheless, counsel claims – and the Cartees have not disputed – that with the denial of the *cert* petition, the attorneys "have completed their representation of the [Cartees] in this matter." (Id. at 1). In fact, after the Motion to Withdraw was filed, Mr. Cartee requested fourteen days to secure new counsel. (Docket No. 131). While he later filed a request for oral arguments on all pending motions, "including

2

withdrawal of my attorneys," (Docket No. 132 at 1), neither in that motion nor elsewhere does he claim that his agreement with counsel extended beyond the filing of the petition for writ of certiorari. The Motion to Withdraw will be granted.

The denial of the petition for certiorari also serves as the basis for Mr. Ingram's Motion for Disbursement of Sale Proceeds. (Docket No. 130). The original Sale Order allowed the sale of the property, but also required the proceeds be held by the closing agent, pending further order of this Court. This was because, as the Motion points out, the Cartees had appealed. However, with the appeal process now over and final, there is no factual or legal basis for denying Mr. Ingram the sale proceeds.

Finally, Mr. Cartee has filed a Motion for Oral Arguments (Docket No. 132) on all pending motions. Generally, motions are "decided by the court without oral hearings," but may be granted where "particularly desirable on a given motion" and where reasons are provided that "justify[] a hearing." L.R. 78.01. No such reason have been provided in this case, the facts and the law are clear, and the outcome is foreordained. As such, the Motion for Oral Arguments will be denied.

Accordingly, the Court rules as follows:

(1) The R&R (Docket No 125) is hereby ACCEPTED and APPROVED;

(2) The Second Motion for Order of Sale (Docket No. 105) is GRANTED;

(3) The Motion to Withdraw (Docket No. 128) is GRANTED;

(4) The Motion for Disbursement of Sale Proceeds (Docket No. 130) is GRANTED;

(5) The Motion for Oral Arguments (Docket No. 132) is DENIED; and

(6) With these rulings, the Motions to Ascertain Status (Docket Nos. 137 & 139) are DENIED AS MOOT.

It is FURTHER ORDERED that Mr. Ingram is hereby authorized to sell the real property located at 514 Park Center Drive, Nashville, Tennessee 37205, with any minimum sale price being $2,500,000.00, and that, after payment of the costs and expenses of the sale, the proceeds from this sale shall be paid to Mr. Ingram.

The Clerk of the Court shall enter final judgment in this matter in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE